Before: O'SCANNLAIN, KLEINFELD, and GRABER, Circuit Judges.

MEMORANDUM *

Appellant Jacqueline Allen appeals the district court's order upholding the bankruptcy court's decision that her tort judgment against debtor-defendant Christopher Allen is dischargeable under Chapter 13. On de novo review, *Dawson v. Wash. Mut. Bank. F.A. (In re Dawson)*, 390 F.3d 1139, 1145 (9th Cir.2004), *cert. denied*, —— U.S. ——, 126 S.Ct. 397, 163 L.Ed.2d 275 (2005), we affirm.

The applicable version of 11 U.S.C. § 1328(a), providing for discharge of debts, made no exception for debts related to willful and malicious injury caused by the debtor. Such debts are dischargeable in Chapter 13 bankruptcy. *Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1122 (9th Cir.2000).

Whether the debtor's plan was proposed in good faith, despite making no provision for payment of the tort judgment that post-dated our earlier decision in this case, 23 Fed.Appx. 859 (9th Cir.2002), is a more difficult question. However, the issue of good faith was not timely and properly brought to the bankruptcy court's attention. Under 11 U.S.C. § 1329(a), the holder of an unsecured claim may seek to have the debtor's Chapter 13 plan modified "[a]t any time after confirmation of the plan but before the completion of payments under such plan." The plan was confirmed in 1999. Plaintiff never sought modification of the plan. Her tort claim was reduced to judgment in 2002, but the bankruptcy court did not learn of the judgment until it asked for a status report in January 2004. The debtor completed payments under his plan in March 2004. In the circumstances, we have no opportunity to revisit the validity of the plan.

AFFIRMED.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Viery CARRENO, Defendant—
Appellant.**

**No. 04–50042.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Terri K. Flynn, Esq. Office of the U.S. Attorney, Santa Ana, CA, James H. Locklin, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Viery Carreno appeals the 168–month sentence imposed following his guilty-plea conviction for conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Carreno's only contention on appeal is that the district court erred by applying the Sentencing Guidelines as mandatory. Because we cannot reliably determine from the record whether any error in the imposition of the sentence under the then-mandatory Sentencing Guidelines was harmless, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

**REMANDED.**